FERNANDA GOGLAS DÍAZ, Plaintiff and Appellant, *v.* HEIRS OF MARÍA DEL CARMEN MASSANET SÁNCHEZ, Defendants and Appellees.

No. 8359. Argued February 25, 1942.—Decided March 27, 1942.

*José C. Aponte* for appellant. *Tomás Bernardini de la Huerta* for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The District Court of Guayama dismissed an action of revendication brought by Fernanda Goglas Díaz against the Heirs of María del Carmen Massanet Sánchez and, in its statement of the case and opinion delivered in support of its judgment, after a very careful analysis of the whole evidence introduced by the plaintiff, said:

". . . . From the evidence above recited it has been shown, in the judgment of this court: (1) That in the ward (*barrio*) of Algarrobos, at the place called 'El Corazón,' there was a 19.26 acre (*cuerda*) farm known as 'Buena Unión' which originally belonged to Pedro Francisco Rosseau, subsequently at the latter's death to his children and grandchildren, and afterwards to Zenón Charlerí who acquired it by purchase from the estate of Rosseau on August 29, 1859, under a deed dated May 5, 1860; (2) that Zenón Charlerí had married María Concepción Goglas by whom he had a daughter called María Emilia or Inés who in turn married José de Jesús Colón by whom she had a son called Florencio de Jesús Colón Charlerí; (3) that Zenón Charlerí died in Humacao on April 30, 1866, and

María Emilia or Inés Charlerí Goglas died in Ponce on September 7, 1915; (4) that Florencio de Jesús Colón Charlerí is the maternal grandson and heir of Zenón Charlerí; (5) that by a deed of September 25, 1928, he assigned to the plaintiff all rights and interest that he might have in the estate left by his grandfather; and (6) that the plaintiff has requested, according to her own testimony, the plaintiffs to reinstate her in the possession of the said property. The plaintiff *failed to show that the defendant heirs or their ancestors had been in possession of the property 'Buena Unión,' nor was she able in any way to produce evidence to show that the property in question is comprised within the property known as 'El Corazón,' which, according to the allegations of the defendants, are the only lands of which they claimed to hold possession in the ward of Algarrobos at the place called 'El Corazón' in Guayama. . . .''* (Italics ours.)

Moreover, after a consideration of the evidence for the defendants, the court stated in its opinion as follows:

''. . . . . It appears from the evidence for the defendants that the farm known as 'El Corazón' is quite distinct from that called 'Buena Unión'; that neither of the estates which were consolidated to form the aforesaid estate ever belonged to Zenón Charlerí or his heirs or to Pedro Francisco Rosseau or his heirs; and that said 'El Corazón' farm has belonged to the Massanet heirs and has been in their possession for over fifty years. It was incumbent upon the plaintiff to show her ownership title to the 'Buena Unión' estate and that the defendants were in the unlawful possession thereof. *Alvarez* v. *Avila,* 40 P.R.R. 501, and *Gallardo* v. *Quintana,* 43 P.R.R. 154. Conceding that the plaintiff had shown to be the owner of such estate upon the presumption that, it having belonged to Zenón Charlerí and then to the latter's heirs and, therefore, to the plaintiff who had bought the hereditary rights of Florencio de Jesús Colón y Charlerí in the estate of his deceased grandfather, Zenón Charlerí *(Morales et al. v. Landrau et al., 15 P.R.R. 761; Fuentes v. Meléndez, 40 P.R.R. 461), the plaintiff failed to show that the 'Buena Unión' estate is in the possession of the defendants, that is to say, that it is comprised within the boundaries of 'El Corazón' estate, which is the only piece of real estate located in the ward of Algarrobos, at the place 'El Corazón,' that might belong to the defendants,* it being, on the contrary, the opinion of the court that from the evidence for the defendants the inference may be drawn that the

aforesaid 'Buena Unión' estate is not comprised within the boundaries of 'El Corazón' estate.'' (Italics ours.)

In her appeal from the judgment the plaintiff assigns in her brief four errors as committed by the lower court, to wit, in admitting and considering as evidence a certificate from the Registrar of Property of Guayama attesting to the fact that the defendants had recorded in their favor a property known as ''El Corazón''; in admitting in evidence the plat imposed by the Heirs of Massanet; in holding that the plaintiff had failed to show that the Heirs of Massanet were in possession of the ''Buena Unión'' estate belonging to the plaintiff; and urges that the judgment is contrary to the evidence, the facts, and the law.

The first two assignments relate to a certificate from the registry of property to the effect that the ''El Corazón'' estate, having an area of 346 *cuerdas,* was recorded in favor of the defendant heirs, and to a plat drawn up by surveyor Cuevas after summoning all the adjoining owners. Inasmuch as, according to the eighth paragraph of the answer to the complaint, it was expressly alleged by the defendant heirs that the ''El Corazón'' estate was recorded in their names, the certificate evidencing such fact was admissible. The appellant, however, maintains that the defendants sought to establish two inconsistent defenses: first, that they were not in possession of the ''Buena Unión'' estate, and, second, a plea of prescription with respect to said estate. The appellant is wrong. The defendants, when pleading the uninterrupted possession for over forty years, referred to the ''El Corazón'' farm and not to the ''Buena Unión'' farm. To prove this, it suffices merely to read the eighth allegation of the answer which says:

''EIGHTH: The defendants likewise allege that neither they nor their predecessors in interest have heretofore held or now hold possesion of any property or land belonging to the plaintiff or to the persons mentioned by her as her predecessors in interest, and they aver that the only land in the possession of the defendants located

in the ward of Algarrobos, at the place known as 'El Corazón' consists of a property described as follows: (description then follows); the ownership of which property they hold by a valid title of inheritance derived from their ancestor María del Carmen Massanet y Sánchez who, in turn, acquired it from her ancestor Sebastián Massanet y Esteva and the latter, in turn, from the partnership 'Massanet y Covas' which, in turn, acquired a 237-acre parcel by purchase from Manuel Maximino Luzunaris and his brother Higinio Maximino Luzunaris, about the year 1882; another 100-acre parcel thereof by purchase from Emiliano Boudens, about the year 1872; and, the remaining part in, by purchase from Boudens also about the year 1871, *said estate being recorded in the registry of property,* and the defendants and their above-mentioned predecessors in interest having enjoyed the ownership thereof for over fifty years, their possession thereof at present being as owners, by deeds of conveyance and by inheritance, in good faith, publicly, peaceably, quietly and uninterruptedly for over fifty years up to the present and for over forty years since the purchase thereof by their predecessors in interest." (Italics ours.)

As the appellant herself admits in her brief that the grounds for her objection to the admission of the plat are the same as those adduced by her regarding the certificate from the registrar, both assignments must be dismissed.

■ The third and fourth assignments must be disposed of together, as they refer to the weighing of the evidence by the lower court. We have examined the transcript of the evidence and we think that, in view of the evidence introduced, no other judgment would have been proper than the one rendered in this case, dismissing the complaint. The detailed analysis made by the trial judge in his opinion of the whole of the documentary evidence regarding the property of the defendants, shows that the plaintiff was never able to prove that the "Buena Unión" estate of 19 acres was comprised within the "El Corazón" estate of 346 acres, owned by the defendants and recorded in their names in the Registry of Property of Guayama since 1929, and likewise recorded in the names of their predecessors in interest for over 50 years, or since May 23, 1891, during which time they

were shown to have held possession. Irrespective of whether or not the "Buena Unión" estate was comprised within the "El Corazón" estate, it was not shown by the plaintiff either that the defendants were withholding possession of the "Buena Unión" property.

As has been repeatedly held by this court, it is incumbent on the plaintiff in an action of revendication to prove the existence of the right claimed by such plaintiff, and as the plaintiff herein has failed to show that the defendants were withholding possession of the "Buena Unión" estate, title to which she claimed, or that the same was in any way comprised within the "El Corazón" estate, owned by the defendants, the judgment appealed from must be affirmed.